**LAW OFFICES OF JEFFREY R. LESSIN & ASSOCIATES, P.C.**
By: Jeffrey R. Lessin, Esquire
Identification No.: 027261985
Frank Pollock, Esquire
Identification No.: 040981997
1515 Market Street-Suite 1650
Philadelphia, PA 19102
j.lessin@lessinlaw.com
f.pollock@lessinlaw.com

| | | |
|---|---|---|
| **SETH FELKER** | : | **IN THE COURT OF COMMON PLEAS** |
| **361 Bates Street** | : | **PHILADELPHIA COUNTY** |
| **Phillipsburg, NJ 08865** | : | |
| | : | |
| v. | : | |
| | : | |
| **NATIONAL CART CO.** | : | |
| **3125 Boschertown Road** | : | |
| **St. Charles, MO 63301** | : | |
| **and** | : | |
| **NATIONAL CART, LLC** | : | |
| **3125 Boschertown Road** | : | |
| **St. Charles, MO 63301** | : | |
| **and** | : | |
| **NATIONAL CART CO. EAST, LLC** | : | |
| **32 Earth Conservancy Drive** | : | |
| **Wilkes-Barre, PA 18706** | : | |
| **and** | : | |
| **WINHOLT EQUIPMENT GROUP** | : | |
| **20 Crossways Park North-Suite 205** | : | |
| **Woodbury, NY 11797** | : | |
| **and** | : | |
| **WIN-HOLT EQUIPMENT CORP.** | : | |
| **7028 Snowdrift Road** | : | |
| **Allentown, PA 18106** | : | |

## COMPLAINT IN CIVIL ACTION

1.      Plaintiff, Seth Felker [hereinafter Plaintiff] is an adult individual residing at the

address set forth above.

2.      Defendant, National Cart Co. [hereinafter NCC] is, upon information and belief, a

-1-

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107-2911
(215) 238-6333

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguentes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta assentar una comparencia escrita a en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandate y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NOTIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA A VERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107-2911
(215) 238-6333

**LAW OFFICES OF JEFFREY R. LESSIN & ASSOCIATES, P.C.**
By: Jeffrey R. Lessin, Esquire
Identification No.: 027261985
Frank Pollock, Esquire
Identification No.: 040981997
1515 Market Street-Suite 1650
Philadelphia, PA 19102
j.lessin@lessinlaw.com
f.pollock@lessinlaw.com



Filed and Attested by the
Office of Judicial Records
02 AUG 2021 03:08 pm
S. RICE

| | | |
|---|---|---|
| **SETH FELKER** | : | **IN THE COURT OF COMMON PLEAS** |
| **361 Bates Street** | : | **PHILADELPHIA COUNTY** |
| **Phillipsburg, NJ 08865** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONAL CART CO.** | : | |
| **3125 Boschertown Road** | : | |
| **St. Charles, MO 63301** | : | |
| **and** | : | |
| **NATIONAL CART, LLC** | : | |
| **3125 Boschertown Road** | : | |
| **St. Charles, MO 63301** | : | |
| **and** | : | |
| **NATIONAL CART CO. EAST, LLC** | : | |
| **32 Earth Conservancy Drive** | : | |
| **Wilkes-Barre, PA 18706** | : | |
| **and** | : | |
| **WINHOLT EQUIPMENT GROUP** | : | |
| **20 Crossways Park North-Suite 205** | : | |
| **Woodbury, NY 11797** | : | |
| **and** | : | |
| **WIN-HOLT EQUIPMENT CORP.** | : | |
| **7028 Snowdrift Road** | : | |
| **Allentown, PA 18106** | : | |

## NOTICE TO DEFEND

Case ID: 210800116

Corporation licensed to do business in the Commonwealth of Pennsylvania and which regularly conducts business within Philadelphia County and maintains an address for service as set forth above.

3. Defendant, National Cart, LLC [hereinafter NCLLC] is, upon information and belief, a Limited Liability Company licensed to do business in the Commonwealth of Pennsylvania and which regularly conducts business within Philadelphia County and maintains an address for service as set forth above.

4. Defendant, National Cart Co. East, LLC [hereinafter NCCE] is, upon information and belief, a Limited Liability Company licensed to do business in the Commonwealth of Pennsylvania and which regularly conducts business within Philadelphia County and maintains an address for service as set forth above.

5. Defendant, Winholt Equipment Group [hereinafter WEG] is, upon information and belief, a Corporation licensed to do business in the Commonwealth of Pennsylvania and which regularly conducts business within Philadelphia County and maintains an address for service as set forth above.

6. Defendant, Win-Holt Equipment Corp. [hereinafter WHEC] is, upon information and belief, a Corporation licensed to do business in the Commonwealth of Pennsylvania and which regularly conducts business within Philadelphia County and maintains an address for service as set forth above.

7. Defendants NCC, NCLLC, NCCE, WEG and WHEC are hereinafter collectively referred to as Defendants.

8. At all times material hereto, the actions and/or inactions of all named Defendants

-2-

Case ID: 210800116

were performed or not performed by and through their duly authorized agents, servants, workmen or employees who were then and there acting within the course and scope of their authority and employment.

9.      At all times material hereto, Defendants did manufacture, formulate, design, produce, package, process, market, sell and/or otherwise distribute a merchandise cart hereinafter referred to a the Rocket Cart.

10.     The Rocket Cart was intended for the exclusive use of Wal-Mart Stores and its employees for the purpose of moving merchandise throughout individual Wal-Mart Stores to assist in stocking shelves.

11.     The Rocket Cart is defective in that the upper shelf will falsely seem to latch securely in place when it is not actually secure and, as a result, the shelf may unexpectedly fall and strike the user of the cart on the head.

12.     The defect in the Rocket Carts is that the user may hear a "clicking" sound which indicates to the user that the shelf is securely locked, when, in fact, it is not latched securely.

13.     Users of the Rocket Cart are struck and injured because they are unaware that the upper shelf is not securely latched despite the fact that they have taken the appropriate steps to properly latch the shelf.

14.     Head injuries are the most prevalent injuries associated with use of the defective Rocket Cart because its users are often bent over in front of the Rocket Cart retrieving merchandise to put onto store shelves.

15.     At all times material hereto, Plaintiff was employed, as an associate, at the Wal-Mart Store located at 1300 US-22, Phillipsburg, NJ 08865.

-3-

16. On April 11, 2020, Plaintiff was struck on the head by the shelf of the Rocket Cart he was using while in the course and scope of his employment with Wal-Mart.

17. As a result of the incident described above, Plaintiff was caused to sustain serious and permanent personal injuries.

18. At all times material hereto, Defendants controlled all aspects of the manufacture, formulation, design, production, packaging, processing, marketing, sale and/or distribution of the Rocket Cart.

19. The incident described herein and the injuries sustained by the Plaintiff as a result of same, were caused solely, entirely and exclusively by virtue of actions and/or inactions of the Defendants as more particularly described herein, and were due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I–STRICT PRODUCTS LIABILITY
## PLAINTIFF, SETH FELKER
## V.
## DEFENDANT, NATIONAL CART CO.
## DEFENDANT, NATIONAL CART, LLC
## DEFENDANT, NATIONAL CART CO. EAST, LLC
## DEFENDANT, WINHOLT EQUIPMENT GROUP
## DEFENDANT, WIN-HOLT EQUIPMENT CORP.

20. The averments of Paragraphs 1-19 above are hereby incorporated by reference as fully as though they were set forth here at length.

21. At all times material hereto, the Rocket Cart was manufactured, formulated, designed, processed, produced, packaged, marketed, transported, sold and/or distributed by Defendants with the expectation that it would reach consumers in Philadelphia County, Pennsylvania and did in fact reach such consumers, including Plaintiff, without substantial change in the condition

-4-

Case ID: 210800116

in which it was sold.

22.    At all times material hereto, the Rocket Cart used by Plaintiff was manufactured, formulated, designed, processed, produced, packaged, marketed, transported, sold and distributed by Defendants in a defective and unreasonably dangerous condition, which condition existed at the time that it was placed in the stream of commerce.

23.    At all times material hereto, the Rocket Cart was defective.

24.    At all times material hereto, the Rocket Cart had a manufacturing defect in that it failed to comport with its intended design and was unsafe for its intended use.

25.    At all times material hereto, the Rocket Cart had a design defect in that it did not have a necessary element or elements which would have made it safe for its intended use, or that it had an element or elements which made it unsafe for its intended use.

26.    At all times material hereto, the Rocket Cart had inadequate or insufficient warnings in that it was distributed without sufficient warnings to advise the ultimate user of the risks or dangers inherent in the use of the Rocket Cart and the ultimate user would have avoided the risk of using the Rocket Cart if warned of those risks or dangers.

27.    At all times material hereto, the Rocket Cart was defective when it left the possession of Defendants and was not substantially changed or altered prior to the time of the subject incident.

28.    At the time the Rocket Cart was placed into the stream of commerce, it was defective by reasons of its design, manufacturing, and absence of proper and adequate warnings so as to put it into commerce in a defectively designed and/or inherently hazardous, dangerous and defective condition.

29.    The aforementioned defects were the factual and proximate causes of the injuries

-5-

sustained by Plaintiff.

30.     Defendants are strictly liable to Plaintiff pursuant to Restatement (Second) of Torts § 402A.

31.     As a direct result of his use of the defective Rocket Cart, Plaintiff has suffered serious and permanent injuries including but not limited to the following: postconcussional/neurocognitive disorder and an adjustment disorder with mixed anxiety and depressed mood;   ongoing complaints of headaches with photophobia and phonophobia; dizziness/balance issues; speech and cognitive issues; fatigue and sleep issues; and, psychiatric problems elating to these issues; all of which injuries have caused him, and may in the future cause him, great pain and suffering.

32.     As a further direct result of his use of the defective Rocket Cart, Plaintiff has been or will be required to receive and undergo medical attention and care, and to expend sums of money and to incur expenses for the injuries he has suffered and he may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

33.     As a further direct result of his use of the defective Rocket Cart, Plaintiff has suffered and in the future may suffer a severe loss of his earnings and impairment or his earning power and earning capacity.

34.     As a further direct result of his use of the defective Rocket Cart, Plaintiff has suffered medically determinable physical and\or mental impairments which prevent him from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

35.     As a further direct result of his use of the defective Rocket Cart, Plaintiff has or may

-6-

hereafter incur other financial expenses which do or may exceed amounts which he may otherwise be entitled to recover.

36.    As a further direct result of his use of the defective Rocket Cart, Plaintiff has suffered severe physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment against all Defendants individually, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars together with costs and such other damages as the Court may deem just and proper.

## COUNT II–NEGLIGENCE
## PLAINTIFF, SETH FELKER
## V.
## DEFENDANT, NATIONAL CART CO.
## DEFENDANT, NATIONAL CART, LLC
## DEFENDANT, NATIONAL CART CO. EAST, LLC
## DEFENDANT, WINHOLT EQUIPMENT GROUP
## DEFENDANT, WIN-HOLT EQUIPMENT CORP.

37.    Plaintiff hereby incorporates by reference the averments of Paragraphs 1-36 above as fully as though they were set forth here at length.

38.    Defendants were careless and negligent in the design, fabrication, inspection, marketing, sale, manufacturing, assembly, distribution, installation, maintenance and/or servicing of the Rocket Cart so as to place it in the stream of commerce in a defectively designed and/or inherently hazardous, dangerous and defective condition.

39.    The carelessness and negligence of Defendants acting as aforesaid, consisted of the following:

    a.    failing to properly inspect the subject Rocket Cart;

-7-

b.    failing to properly manufacture the subject Rocket Cart;

c.    failing to design, manufacture and sell the subject Rocket Cart in a manner so as to render it safe for its intended purpose;

d.    failing to include in the design and manufacture of the subject Rocket appropriate and necessary safety features or systems which would have prevented the injuries sustained by Plaintiff;

e.    providing the subject Rocket Cart for Plaintiff's use without first determining that it was safe for its intended use;

f.    failing to provide notice or warning of the design and manufacturing defects of the subject Rocket Cart;

g.    failing to submit the subject Rocket Cart to adequate and proper testing;

h.    failing to account for the intended use of the subject Rocket Cart in its design and manufacturing;

i.    providing the subject Rocket Cart for Plaintiff's use without providing adequate and proper instructions for its safe use and maintenance;

j.    failing to correct and remove the hazardous, dangerous and defective condition(s) of the subject Rocket Cart, of which Defendants were aware or, in the exercise of reasonable care, of which Defendants should have been aware, prior to the happening of the incident described herein;

k.    failing to warn persons such as Plaintiff of the existence and presence of the hazardous, dangerous and defective condition of the subject Rocket Cart;

-8-

l.   knowingly allowing and permitting the hazardous, dangerous and defective
     condition of the subject Rocket Cat to remain so as to constitute a menace,
     danger and nuisance to persons such as Plaintiff;

m.   disregarding the rights and safety of Plaintiff; and,

n.   failing to exercise due care under the circumstances.

40.   As a direct result of the Defendants' negligence and his use of the defective Rocket

Cart, Plaintiff suffered serious and permanent injuries and damages set forth in paragraphs 31

through 36 above.

WHEREFORE, Plaintiff demands judgment against all Defendants individually, jointly,

and/or severally in a sum in excess of Fifty Thousand ($50,000.00) Dollars together with costs and

such other damages as the Court may deem just and proper.

## COUNT III-BREACH OF EXPRESS WARRANTY
## PLAINTIFF, SETH FELKER
## V.
## DEFENDANT, NATIONAL CART CO.
## DEFENDANT, NATIONAL CART, LLC
## DEFENDANT, NATIONAL CART CO. EAST, LLC
## DEFENDANT, WINHOLT EQUIPMENT GROUP
## DEFENDANT, WIN-HOLT EQUIPMENT CORP.

41.   Plaintiff hereby incorporates by reference the averments of Paragraphs 1-40 above

as fully as though they were set forth here at length.

42.   At all times material hereto, Defendants were "sellers" of the subject Rocket Cart.

43.   At all times material hereto, Defendants described, leased, marketed, sold and

expressly warranted that the subject Rocket Cart:

a.   was safe and properly inspected;

-9-

Case ID: 210800116

      b.      was safe and properly manufactured;

      c.      was safe for its intended use and purpose;

      d.      was safely designed with all necessary safety devices, features and systems for preventing the injuries sustained by Plaintiff;

      e.      was provided with all necessary and proper safety components;

44.      At all times material hereto, Plaintiff was a "consumer" and "end-user" of the subject Rocket Cart and is, therefore, a party to and/or third-party beneficiary of the express warranties set forth herein.

45.      Defendants breached the express warranties with regard to the subject Rocket Cart in that it was not:

      a.      free from defects in materials and workmanship;

      b.      carefully designed and manufactured in such a manner that it was safe for its intended use;

      c.      properly tested and inspected prior to being distributed for use;

      d.      equipped with the necessary and proper safety devices, features and systems for preventing the injuries sustained by Plaintiff;

      e.      in compliance with the applicable safety standards associated with the subject Rocket Cart;

      f.      safe for its intended purpose.

46.      Plaintiff's damages and injuries, as described and set forth herein, were caused by the Defendants' breach of the express warranties set forth herein.

-10-

WHEREFORE, Plaintiff demands judgment against all Defendants individually, jointly,

and/or severally in a sum in excess of Fifty Thousand ($50,000.00) Dollars together with costs and

such other damages as the Court may deem just and proper.

## COUNT IV—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## PLAINTIFF, SETH FELKER
## V.
## DEFENDANT, NATIONAL CART CO.
## DEFENDANT, NATIONAL CART, LLC
## DEFENDANT, NATIONAL CART CO. EAST, LLC
## DEFENDANT, WINHOLT EQUIPMENT GROUP
## DEFENDANT, WIN-HOLT EQUIPMENT CORP.

47. Plaintiff hereby incorporates by reference the averments of Paragraphs 1-46 above

as fully as though they were set forth here at length.

48. At all times material hereto, Defendants were "sellers" and "merchants" of the subject

Rocket Cart.

49. Pursuant to the terms of 13 Pa. C.S. A. § 2314, there was an implied warranty that

the subject Rocket Cart was merchantable.

50. Defendants are in breach of the implied warranty of merchantability because the

subject Rocket Cart was not fit for its intended purpose.

51. At all times material hereto, Plaintiff was a party to and/or third-party beneficiary of

the implied warranty of merchantability.

52. Plaintiff's damages and injuries, as described and set forth herein, were caused by the

Defendants' breach of the implied warranty of merchantability.

WHEREFORE, Plaintiff demands judgment against all Defendants individually, jointly

and/or severally in a sum in excess of Fifty Thousand ($50,000.00) Dollars together with costs and

-11-

Case ID: 210800116

such other damages as the Court may deem just and proper.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## PLAINTIFF, SETH FELKER
## V.
## DEFENDANT, NATIONAL CART CO.
## DEFENDANT, NATIONAL CART, LLC
## DEFENDANT, NATIONAL CART CO. EAST, LLC
## DEFENDANT, WINHOLT EQUIPMENT GROUP
## DEFENDANT, WIN-HOLT EQUIPMENT CORP.

53.     Plaintiff hereby incorporates by reference the averments of Paragraphs 1-52 above

as fully as though they were set forth here at length.

54.     At all times material hereto, Defendants were "sellers" and "merchants" of the subject

Rocket Cart.

55.     At all times material hereto, Defendants had reason to know of the particular

purpose(s) for which the subject Rocket Cart was to be used.

56.     At all times material hereto, Plaintiff relied upon the skill or judgment of Defendants

to furnish the subject Rocket Cart in a condition so that it would be fit for the particular purpose for

which it was intended to be used.

57.     Pursuant to the terms of the Uniform Commercial Code, § 2-315, there was an

implied warranty that the subject Rocket Cart was fit for its intended purpose.

58.     Defendants are in breach of the implied warranty of fitness for a particular purpose

because the subject Rocket Cart was not fit for its intended purpose.

59.     At all times material hereto, Plaintiff was a party to and/or third-party beneficiary of

the implied warranty of fitness for a particular purpose.

60.     Plaintiff's damages and injuries, as described and set forth herein, were caused by the

-12-

Defendants' breach of the implied warranty of fitness for a particular purpose.

WHEREFORE, Plaintiff demands judgment against all Defendants individually, jointly, and/or severally in a sum in excess of Fifty Thousand ($50,000.00) Dollars together with costs and such other damages as the Court may deem just and proper.

JEFFREY R. LESSIN & ASSOCIATES, P.C.

BY:

JEFFREY R, LESSIN, ESQUIRE
Attorney for Plaintiff, Seth Felker

-13-

Case ID: 210800116

## VERIFICATION

Seth Felker , state that I am the Plaintiff in this matter and that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

SETH FELKER

## **VERIFICATION**

I, Frank Pollock, Esquire do hereby aver that I am the attorney for Plaintiff, Seth Felker n in the instant action. I further aver that said Plaintiff was unavailable to execute a verification at the time of filing and that the averments contained in the instant Pleading are true and correct to the best of my knowledge, information and belief based wholly upon information provided by said Plaintiff. I further acknowledge that the statements contained herein are made subject to the penalties set forth at 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

DATED: 08-02-21                                    _____
                                                    FRANK POLLOCK, ESQUIRE